VARGAS *v.* A. MONROIG É HIJOS.

APPEAL from the District Court of San Juan.

No. 283.—Decided January 15, 1909.

EMPLOYERS' LIABILITY ACT.—The Empoyers' Liability Act of March 1, 1901, does not apply to those cases where the relation of master and servant does not exist between the parties.

DISMISSAL OF APPEAL—OMISSION OF EVIDENCE AND IRREGULARITY IN ITS PRESENTATION.—Omission to present the evidence to the court of appeal, or to present it in proper form, does not make the appeal subject to dismissal.

RECOVERY OF DAMAGES FOR ACCIDENTS—LACK OF CONTRIBUTORY NEGLIGENCE.— In cases where a defendant has not presented his evidence, and there is no contributory negligence on the part of the plaintiff, the latter, provided he establishes the facts, is *prima facie* entitled to recover his actual damages.

ID.—CONTRIBUTORY NEGLIGENCE.—Although the plaintiff might have avoided the accident by the exercise of ordinary care, he may, nevertheless, recover if it be shown that the defendant might have avoided the accident by the exercise of proper care.

ID.—If a person does a certain thing in the ordinary, usual, or convenient manner, and there is no reason whatever to fear any danger, he is not guilty of contributory negligence, if by so doing he suffers an accident.

IMMEDIATE CAUSE OF ACCIDENT.—The immediate cause of the accident, and not the remote or approximate cause, is to be taken into consideration.

DISMISSAL OF COMPLAINT—INSUFFICIENCY OF EVIDENCE.—A decision of a lower court dismissing a complaint on motion of the defendant, because the evidence is insufficient to support a judgment, may be reviwed by the court of appeal.

APPEAL—OMISSION OF EVIDENCE.—The rule of law that a court of appeal cannot reverse a judgment without being in a position of being able to pass upon all the facts that the trial court had before it, is applicable only in cases where it is shown that the omitted evidence is material and necessary for a decision of the case.

ID.—When the question to be decided by the court of appeal is reduced to a ruling as to whether the evidence of the plaintiff is sufficient, *prima facie,* to entitle him to a judgment on the merits of his case, the presence or absence of certain exhibits in the court of appeal has no effect whatever if the omitted evidence does not tend to establish a distinct or independent fact.

The facts are stated in the opinion.

*Messrs. Freyre and Fournier* for appellant.

*Messrs. Cuevillas and Mendez* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

At the trial of this case in Section One of the District Court of San Juan, the complainant, Francisco Vargas, introduced evidence tending to show, as set up in the complaint, the following facts:

That late in the afternoon of the 10th of April, 1907, the complainant, who was and is employed by Mr. Pedro Cobián, as cart driver, was engaged in transporting cane from the property of Mr. Cobián to the "Central Juanita" which is a property of A. Monroig é Hijos, and located in the judicial district of San Juan; that on the same day, while the complainant was engaged in unloading the cane which had to be lifted and transported from the cart by a machine worked by steam, the property of the respondents, such mechanism being in charge of Andrés Correa, an employe of the respondents; while so engaged, and before the complainant had finished hooking in a proper manner the rings of the chain which bind the cane to the hook of the crane, thence to be lifted and transported by it to the factory, the said machine was started, by virtue of which, and without having time to complete the operation, the said complainant was caught up by the hook

and rings which he had not finished attaching, resulting in the loss of the ring finger of the left hand, which prevented him from working from the day of the accident to the second of June of the same year, and caused him much physical suf- , fering.

During the progress of the complainant's side of the case as aforesaid the respondents offered in evidence certain photo-· graphs, one of the chains which are used in the "Central Juanita" .for the hoisting of sugar-cane and a hook of the chain where the rings are attached.

After the conclusion of the complainant's case the respondent made a motion asking that the complaint be dismissed for the reasons that the plaintiff had not presented sufficient evidence on which to base a judgment. In this court appellees allege first that the case must be dismissed because the statement of facts approved by the judge does not embody the photographs, the chain and the hook which the respondent offered in evidence. We have decided a number of times in civil and criminal cases that a failure to incorporate the evidence or to bring it up properly does not in either event make the appeal subject to dismissal as the judgment roll itself may present matters for review.

We shall, however, take the objection of the appellees to mean that the judgment must be affirmed for the alleged failure of the appellant to present all necessary evidence.

For greater clearness the discussion of this point is postponed to the presentation and discussion of the other points raised by the appeal.

The appellant alleges that the case was tried by the court below on the erroneous theory that he was seeking to recover by virtue of the Employers' Liability Act of the 1st of March, 1901. Likewise it appears from the brief of the appellees that they too are under the impression that the Employers' Liability Law and the decisions of this court connected therewith have some application to the case. They evidently have not. There was no relation of master and servant between Francis-

co Vargas and A. Monroig é Hijos. The appellant was employed as a cart driver by Mr. Pedro Cobián. The mere fact that he transported canes as a laborer to the yard of the appellees does not bring him into any privity or relation with them as an employe. If the court below thought that the Employers' Liability Act had any application to the facts of this case or that there was any relation of master and servant shown between the parties, the trial was manifestly conducted on a false theory. The appellees allege, further, that the appelant cannot recover, even supposing the negligence of the appellees, because the former was guilty of contributory negligence. The plaintiff testified, and others with him, that the custom of the yard of A. Monroig é Hijos was to wait until the cart driver had entirely descended from his cart before starting the machine which transferred the cane; that the complainant was on his cart in full view of the engineer in charge of the hoisting machine; that there was a custom or practice not to hoist until the cart driver gave the sign and that not only was no sign given in this case, but that the cart driver said "don't hoist." Under these circumstances as the complainant was injured by the hoisting of the machine, he was, *prima facie,* entitled to recover his actual damages provided the proof did not show him to be guilty of contributory negligence. The appellees base their contention of the contributory negligence of the complainant on the manner of grasping the rings and hook inasmuch as his finger was caught at the moment that he was seizing the hook at the lower end, whereas the complainant himself testified that if he had taken hold of it at the top, his finger would not have been caught, and that he also testified that he might have seized the hook and rings in two other ways without injuring himself. But there was also testimony tending to show that he caught the hook in the ordinary and usual way.

There are many cases which decide that although a complainant might, by the exercise of caution, have avoided the accident, yet he may, nevertheless, recover if it be shown that

the defendant might have avoided the accident by exercise of proper care. (*Grand Trunk Ry. Co.* v. *Ives,* 144 U. S., 408; *Inland & Seaboard Coasting Co.* v. *Tolson,* 139 U. S., 551; *Davies* v. *Mann,* 10 Meeson & Welsby, 546-549, 19 English Ruling Cases, 190.)

In this case, with the evidence clearly to the effect that the practice of the agents of the appellees was not to hoist until the cart driver had left his cart and given the sign, the fact that he might have seized the hook or rings negligently would not bar a recovery, because he had no reason to fear that there was any danger to his hand by reason of his seizing them in a usual or convenient manner. It is true that he called upon the engineer not to hoist, but this action on his part might have sprung from a number of other causes, including his fear of being thrown to the ground, or that the crane should be hoisted before it was thoroughly fastened, or other reasons about which it is needless to speculate. The proof tends to show that the appellees might have avoided the mishap.

However, we do not think that the evidence presented shows any contributory negligence on the part of the appellant. As intimated before, he had no reason to believe himself in a position of peril. It was not within his prevision that an injury would happen to him if, being on his care, he grasped the hook and rings in the customary manner. The proximate cause of the accident was the starting of the crane and not the way in which the complainant seized hold.

When a plaintiff enters or crosses a dangerous place, as for example, a track, where he is bound to know that there is danger and he does so in a negligent or careless manner, he cannot recover against a defendant. Here there was nothing in the evidence to show that anyone had ever had a similar accident or that such a thing was likely to occur.

The courts have held that in crossing over electric wires, which are supposed to be insulated, if a workman does not take the safest way, yet he has a right to rely on the owner doing his duty, and if he takes the most convenient way, he is

not guilty of contributory negligence. (*Clements et al.* v. *Louisiana Electric Light Co.,* 16 L. R. A., 43; *Perham* v. *Portland General Electric Co.,* 40 B. R. A., 799.)

The usual, or convenient, or ordinary way of doing a thing, where the complainant has no reason to apprehend danger, would exculpate him from the imputation of contributory negligence, if he goes about his business in the usual way. The engineer, the evidence shows, was agent and employe of the defendant, and by authority of sections 1803 and 1804 of the Civil Code, the appellees are responsible for his action.

The question then arises whether this court is in a position to reverse the judgment by reason of the alleged failure of the appellant to insert in the statement of facts the photographs, the chain and the rings to which the closing paragraphs of the statement refer. There is a rule of law that before an appellate tribunal may reverse a judgment based on the verdict of a jury, or where the court is substituted for the jury, such appellate court must be in a position of being able to pass upon all the facts that the trial court had before it. This rule of law is applicable where the court below has weighed the facts and based its definite judgment thereon. But in any case it must be shown that evidence has been omitted and that the omitted evidence is material or necessary to the case. The record does not disclose that the photographs, chain and rings are material or necessary to our being placed in the same positions as was the trial judge. It might be questioned whether the burden of showing that this evidence was necessary or material did not devolve upon the appellees who stood by and did not ask to have these exhibits or copies of them inserted in the record. But we do not care to base our decision upon this view. The motion in this case was substantially what is known to the common law of England as a demurrer to the evidence—that is, that the complainant's evidence failed to establish a *prima facie* case.

Being of the opinion that there was a *prima facie* case established by the complainant's evidence, the presence or

absence of the alleged exhibits would only go to the weight of the evidence and would not affect the question as to whether the complainant had introduced enough evidence to entitle him to a judgment on the merits of his case. It is further to be noted that these exhibits were not part of the complainant's case proper, but were introduced by the defendant for the convenience of the witnesses to visualize the situation. They did not go to establish or bring out any independent fact. In the case of *Albion Consolidated Min. Co.* v. *Richmond Min. Co.*, 8 Pac., 480, the court held that certain exhibits not introduced in the record were unnecessary.

In that case it is true that the exhibits were not really admitted in evidence, but they were used similarly and the reasoning of the court is applicable to the case at bar. There are cases easily conceivable in which such exhibits would be necessary, but that is not the fact in the case before us wherein the question turns upon whether the complainant presented enough evidence to justify an examination into the merits of his case, and we think he did. That we are not mistaken in regarding the judgment of the court as a mere ruling on the sufficiency of the evidence to establish the complainant's claim is evidenced by the fact that the appellees themselves urge in their brief that the contention of the appellant for an assessment of damages in this court cannot prevail, inasmuch as the appellees did not have an opportunity to present their evidence in the court below.

The appellees further allege matter not of record in this case to the effect that they would be able to show that what the complainant said was "hoist" instead of "don't hoist." A matter of this kind can properly be brought forth in a new trial. We think, as the case was presented, the complainant was entitled to an examination into the merits of his action, and we, therefore, must reverse the judgment and order a new trial wherein if the complainant is not in point of fact an em-

ploye of the respondent no question should arise of the application of either the law of master and servant or of the specific Employers' Liability Law of March 1, 1901.

*Reversed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.